# United States District Court
for the
**Eastern District of Michigan**

U.S.A. vs. **Dneiqua Jenise Stroman** Case No. 25-cr-20761-4

**Petition for Action on Conditions of Pretrial Release**

COMES NOW John Cynowa, PRETRIAL SERVICES OFFICER ASSISTANT, presenting an official report on defendant Dneiqua Jenise Stroman, who as placed under pretrial release supervision on a $10,000.00 Unsecured bond by Your Honor, on October 28, 2025, under the following conditions:

1. Report as directed to Pretrial Services Agency (PSA).
2. Continue or actively seek employment. Provide verification to the supervising officer, as requested.
3. Travel restricted to the District of Minnesota and the Eastern District of Michigan for court purposes only, unless previous consent of Pretrial Services or the Court.
4. Avoid all contact, directly or indirectly with any victims, witnesses, or co-defendants.
5. Reside at the bond address, and any changes in residence must be pre-approved by the supervising officer.
6. Do not possess a firearm, destructive device, or other dangerous weapons.
7. Remove all firearms, destructive devices, or other dangerous weapons from the bond address and provide verification to the supervising officer within 48 hours of release.
8. Surrender any Concealed Pistol License (CPL) to the supervising officer within 48 hours of release.
9. Not use alcohol excessively.
10. Do not use or unlawfully possess a narcotic drug or other controlled substances unless prescribed by a licensed medical practitioner and provide documentation of any prescribed medications to PSA.
11. Submit to substance use testing as required by PSA.
12. Participate in substance use treatment as directed by PSA.
13. Participate in Location Monitoring Program with GPS and Stand Alone Monitoring.
14. Must pay all or part of the cost of the program, including equipment loss or damage, based on your ability to pay as the Pretrial Services Office or supervising officer determines.
15. Contact allowed with Co-Defendant Ieasha Stroman, however, may not communicate about the case.
16. Zero Tolerance.
17. The defendant is to remain in the custody with the U.S. Marshals and only released from the Federal Courthouse once transportation directly back to the District of Minnesota has been secured and verified by Pretrial Services. Installation of location monitoring is to take place at the Federal Courthouse in the Eastern District of Michigan prior to her departure to Minnesota. The defendant is scheduled for a Final Pretrial Conference in front of Your Honor on May 27, 2025, at 3:00pm, and a Jury Trial scheduled for June 17, 2025, at 8:30am.

**Respectfully presenting petition for action of court and for cause as follows:**

On March 31, 2026, Pretrial Services approved the defendant to travel to the Eastern District of Michigan from April 3, 2026, to April 8, 2026, after a request was made by the defendant through her attorney, for which the Government had no objection. In this request, the defendant cited the reason for the travel was for an attorney visit, a civil legal matter pertaining to the guardianship of the defendant's brother, and to retrieve additional property to bring back to the bond residence in Minnesota. While in the Eastern District of Michigan, Pretrial Services directed the defendant to report to the Detroit Courthouse for a urinalysis test on April 8, 2026. On this date, the defendant did not report as directed and did not make contact with Pretrial Services. On April 9, 2026, Pretrial Services made contact with the defendant who advised of car trouble the day prior and was directed again to report for a urinalysis test. The defendant reported as directed to the Pretrial Services Office in Detroit on April 9, 2026, and submitted a uranalysis test, which returned presumptive positive for cocaine and alcohol. This test was sent to the national laboratory for confirmation and has since returned positive for both cocaine and alcohol.

On April 13, 2026, after notification from the Government, Pretrial Services determined the defendant had stayed in the Eastern District of Michigan past the approved date of April 8, 2026. According to the defendant's supervising officer in the District of Minnesota, the defendant did not begin to leave the state of Michigan until the early morning hours of April 12, 2026, and the defendant did not return to the District of Minnesota until late that evening. According to the defendant, during her travel to the Eastern District of Michigan, there was a death of a close family member, which caused her to stay in the area later than the date approved by Pretrial Services. The defendant stated an email was sent to her supervising officer in the District of Minnesota advising of the need to stay; however, this was unable to be verified by the District of Minnesota.

At the request of Pretrial Services in the Eastern District of Michigan, the defendant was directed to report for a urinalysis test on April 14, 2026. According to the defendant's supervising officer in the District of Minnesota, the defendant reported to the office as directed. According to the supervising officer, when she arrived there was a strong odor of marijuana emitting from her person. The defendant was asked if she smoked marijuana and she stated she had not and that she was in a car with a friend that gave her a ride to the office that was smoking marijuana. Upon the defendant's arrival, she attempted to submit a urinalysis but was unsuccessful. After approximately one hour and thirty minutes, and after meeting with her supervising officer, the defendant produced a sample; however, reported accidentally dropping the sample in the toilet.

According to the supervising officer in the District of Minnesota, due to the defendant's accidental destruction of the urinalyses sample, the defendant was instructed to report to a contracted vendor by 6:30pm on the same day to provide another sample. According to the supervising officer, the defendant did not report to the contracted vendor until April 15, 2026, where she provided a sample, which returned negative for any alcohol or controlled substances.

Based on the defendant's bond conditions violation of Zero Tolerance and testing positive for cocaine, coupled with her failure to return to Minnesota as agreed upon or report for testing as directed in both the Eastern District of Michigan and District of Minnesota, Pretrial Services views

the defendant as an increased risk to the community and respectfully requests a hearing be scheduled to address the defendant's non-compliance and her to answer as to why her bond should not be revoked.

**PRAYING THAT THE COURT WILL ORDER a Bond Review Hearing to be held on** April 29, 2026 **, at ______ a.m.** 1:30 **p.m. so that Dneiqua Jenise Stroman can answer as to the above-noted violations.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 16, 2026

Respectfully,

/s/John Cynowa

United States Pretrial Services Officer Assistant
Place: Detroit, Michigan
Date: April 16, 2026

**THE COURT ORDERS:**

[ ] No Action

[ ] Modification of Pretrial Conditions as Requested

[✓] Bond Review Hearing and defendant to appear before the Judge assigned to the case on April 29, 2026 at 1:30 p.m. in Courtroom 251.

[ ] The Issuance of a Warrant [check one]

[ ] Defendant to appear before the Judge assigned to the case for purposes of bond determination and Defendant temporarily detained pending hearing.

[ ] Defendant to appear before the Duty Magistrate Judge for purposes of bond determination

[ ] The incorporation of the violation (s) contained in this petition with the other violations pending before the Court.

[ ] Other

ORDER OF COURT

Considered and ordered this 17th day of April, 2026 and ordered filed and made a part of the records in the above case.

s/Brandy R. McMillion

Hon. Brandy R. McMillion
United States District Judge